**CITY OF ST. PAUL, Respondent,**

v.

**Patrick A. CARLONE, et al., Appellants.**

No. C5-87-1779.

Court of Appeals of Minnesota.

Feb. 16, 1988.

Edward P. Starr, St. Paul City Atty., Jerome J. Segal, Asst. City Atty., St. Paul, for respondent.

Randall Tigue, Minneapolis, for appellants.

Considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from the trial court's temporary injunction prohibiting Carlone from using his property at 361 W. 7th Street, St. Paul, Minnesota, for nude or semi-nude dancing or any other adult use as classified by St. Paul's zoning ordinances, without first obtaining a special condition use permit. We affirm.

## FACTS

On August 25, 1987, the City of St. Paul (St. Paul) moved to temporarily enjoin Patrick Carlone, et al (Carlone) from operating an establishment known as Playboy Lounge. St. Paul claims the Playboy Lounge is an "adult use" establishment, specifically an "adult cabaret," operating in violation of Section 60.543(10) (1986) of the St. Paul Legislative Code. Playboy Lounge is located within a general business zoning district in which "adult uses" are permitted only upon receipt of a special condition use permit. Appellants have neither applied for, nor received, such a permit.

## ISSUE

Did the trial court err in issuing a temporary injunction restraining Carlone from operating an "adult use" establishment without first applying for a special condition use permit?

## ANALYSIS

The trial court's ruling on a motion for temporary injunction is "largely an exercise of judicial discretion, not to be reversed absent a clear abuse of discretion." *Rosewood Mortgage Corp. v. Hefty*, 383 N.W.2d 456, 460 (Minn.Ct.App.1986).

On appeal, this court will view the facts alleged in the pleadings and the affidavits as favorably as possible to the party who prevailed below. *Lano Equipment, Inc. v. Clark Equipment Co.*, 399 N.W.2d 694, 696–97 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn. Apr. 17, 1987).

The following five factors are considered in determining whether the trial court's decision should be sustained: "[T]he relationship between the parties, relative hardship, likelihood of success, the public interest and administrative burdens." *Satellite Industries, Inc. v. Keeling*, 396 N.W.2d 635, 641 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 21, 1987).

In the present case, the trial court found that, without the requested temporary injunction, Carlone could continue operating his establishment in violation of St. Paul ordinances. Conversely, with the temporary injunction, Carlone merely would be required to use his property in a manner authorized by these ordinances. The trial court further found that St. Paul is likely to prevail following a trial on the merits. Finally, inherent in the trial court's order is the fact that the administrative burden of enforcing the injunction is acceptable and that enforcement of the city's ordinances is in the public interest.

Based upon our review of the evidence, which must be viewed in the light most favorable to respondent we hold that the trial court's findings are supported by the record. The trial court's order issuing the temporary injunction was not a clear abuse of discretion and will not be reversed.

■ We are not persuaded by Carlone's argument that his establishment is not an "adult use" and therefore, that he need not comply with St. Paul ordinances regulating "adult uses." "Adult uses" are defined in St. Paul Legislative Code § 60.201–A as:

> [T]hose uses excluding bars which are not open to the public generally but only to one or more classes of the public and excluding any minor by reason of age, a minor being a person under the age of 18 years. Adult uses include, but are not limited to, adult bookstores, adult motion picture theaters, adult mini-motion picture theatres, adult massage parlors, adult saunas, adult rap/conversation parlors, adult health clubs, and adult cabarets, or similar adult uses.

St. Paul contends Playboy Lounge is an "adult use" as described above, and more specifically, an "adult cabaret", which is defined as:

> An establishment which provides go-go dancers, exotic dancers, strippers, or similar entertainers and which excludes minors by virtue of age.

*Id.*

The trial court's finding that Carlone's establishment provided "adult entertainment" is adequately supported by the record. It is undisputed that Carlone's establishment featured exotic dancers who perform in the nude, openly displaying and manipulating their genitals and breasts, and generally performing in an erotic fashion.

Carlone argues that, despite the obvious adult nature of entertainment offered on his premises, his policy of freely admitting minors prevents his establishment from being classified as either an "adult use" or "adult cabaret." Carlone's argument may have had some merit prior to the amendment of Minn.Stat. § 617.294 (Supp.1987). Effective August 1, 1987, Minn.Stat. § 617.294 makes it unlawful to admit minors to places of public accommodations exhibiting sexual conduct "harmful to minors."

■ We also reject Carlone's argument that he is entitled to continue operating as a non-conforming use pursuant to St. Paul Legislative Code § 62.102 and the fifth amendment to the United States Constitution.

St. Paul Legislative Code § 62.102, subd. 5, in pertinent part, provides:

> If a lawful use of a structure, or of structure and land in combination, exists at the effective date of *adoption or amendment to this code*, that would not be allowed in the district under the terms of this code, the lawful use may be continued so long as it remains otherwise lawful, * * *.

*Id.* (emphasis added.)

St. Paul Legislative Code § 62.102 permits non-conforming uses to continue following adoption or amendment of the city's code, but does not provide for similar treatment following amendment of a state crimi-

nal statute. Carlone's argument that a change in state criminal law should be treated equivalently to a change in St. Paul Legislative Code ignores the explicit language of section 62.102. As of August 1, 1987, it is not "otherwise lawful" for Carlone's establishment to admit minors if its performers exhibit sexual conduct harmful to minors. *See* Minn.Stat. § 617.294 (Supp. 1987).

Carlone's reliance on the fifth amendment prohibition against governmental taking of property for public use without the payment of just compensation is misplaced. The right to use property as one wishes is subject to and limited by the proper exercise of police power. *See McShane v. City of Faribault*, 292 N.W.2d 253, 257 (Minn.1980) (Use of police power resulting in the regulation of land use is not a compensible taking unless it deprives the property owner of all reasonable uses).

The amendment of Minn.Stat. § 617.294 makes it unlawful to admit minors to exhibitions of sexual conduct regardless of whether the minor pays for admission. The amendment's effect on regulation of land use is only secondary, and does not deprive Carlone of all reasonable use of his land. Consequently, Carlone does not have a right to non-conforming use status based on the amendment of a state criminal law.

Carlone's argument that St. Paul's adult entertainment ordinance is facially unconstitutional is also without merit. Zoning ordinances which are designed to combat undesirable secondary effects of businesses dealing in sexually explicit materials are reviewed under standards applicable to "content neutral" time, place, and manner regulations. *See City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 929–30, 89 L.Ed.2d 29 (1986). The appropriate inquiry in analyzing a content-neutral regulation is whether the "ordinance is designed to serve a substantial governmental interest and allows for reasonable alternative avenues of communication." *Id.* 106 S.Ct. at 930.

St. Paul's zoning ordinance was designed to serve a substantial government interest, the protection of the city's neighborhoods.

*See id.* at 930 (Interest in preserving the quality of urban life is vital). The zoning scheme does not prohibit "adult uses"; rather, the zoning ordinance merely requires that adult uses be adequately spaced to prevent potential harm to city neighborhoods. Consequently, St. Paul's zoning ordinance is not facially unconstitutional.

Finally, we reject Carlone's contention that the trial court's temporary injunction was overbroad. Trial courts are empowered to issue injunctions enforcing zoning ordinances. Minn.Stat. § 462.362 (1986). The trial court's temporary injunction does not prohibit Carlone from utilizing his property in a productive manner. The temporary injunction merely precludes Carlone from using his premises as an "adult use" without first applying for a special condition use permit. Consequently, the injunction issued by the trial court is not overbroad.

## DECISION

The trial court's order granting a temporary injunction pending a trial on the merits is affirmed.

Affirmed.